[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on August 2, 1997 in Redding, Connecticut. There are no minor children issue of the marriage. CT Page 12992 The parties have resided in this State for more than one year prior to the institution of this action.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in Sections 46b-81 and 46b-82 Connecticut General Statutes in reaching the decisions reflected in the orders that follow:
The parties married in August 1997 and separated in April 1998. There are no minor children issue of this marriage. Both parties are 29 years of age and in good health. Both have college, degrees and are gainfully employed. The plaintiff is an epidemiologist with the Connecticut Department of Public Health and the defendant is a teacher. The plaintiff earns approximately $34, 632. per year and the defendant earns approximately $36, 920. per year.
No reason or cause for the breakdown of this short marriage was given by either party. The issue between the parties concerned debts and the disposition of approximately $8, 000. in Wedding money.
When the plaintiff left the marital apartment she took a substantial amount of personal property, substantial as to quality and quantity.
The biggest dispute between the parties concerned the husband's premarital debt of $5289. Which was transferred from the husband's credit card to the plaintiff's First USA Bank Credit card.
The parties pooled their income during the marriage and the plaintiff was in charge of the finances and took care of paying the bills. The $8, 000 in Wedding money was used to pay joint obligations, debts solely of the plaintiff and solely of the defendant. The majority of the money was used to pay the plaintiff's obligations.
Charges were continued to be made on the First USA Bank card in an amount higher than the monthly payments being made on the account. The monthly payments came from joint funds of the parties. CT Page 12993
The Court declines to assess fault to either party for the breakdown of the marital relationship.
During the course of the marriage the plaintiff had a leased motor vehicle. The monthly payments of approximately $272. per month came from joint funds of the parties.
The defendant purchased a motor vehicle in January 1998. The deposit came from a joint savings account which included sums given to the plaintiff by her mother. The sum of $100 was also charged on the plaintiff's credit card. Payments made on this credit card came from joint funds of the parties.
The Court has carefully considered the Statutory criteria in entering the following orders:
Alimony
No alimony is awarded to either party.
Property Settlement
The defendant shall pay to the plaintiff as a lump sum property settlement the sum of $4, 000. payable at the rate of $55. per week.
Counsel Fees
Each party shall be responsible for their respective attorney's fees.
Personal Property
1) The plaintiff shall return the Christmas items and the horse picture to the defendant within 10 days of date.
2) Each party shall retain the remaining personal property presently in their respective possession.
Change of Name
The plaintiff is granted a Change of Name to Linardos.
COPPETO, J. CT Page 12994